UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
FARRAH GILOT,

Plaintiff,

- against -

63 POLICE DEPARTMENT and FDNY,

Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-4565 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

Plaintiff Farrah Gilot, proceeding *pro se*, filed this action on July 29, 2026 against Defendants "63 Precinct Police Department" and "FDNY."[1] (*See* Compl., Dkt. 1; Am. Compl., Dkt. 5.) Plaintiff's request to proceed *in forma pauperis* ("IFP"), (IFP Mot., Dkt. 2), is granted. As set forth below, the Amended Complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B), and Plaintiff is granted thirty (30) days to file a second amended complaint if she chooses. The Court also orders Plaintiff to show cause why the Court should not issue a filing injunction against her.

## BACKGROUND

Plaintiff's original handwritten Complaint is sparse and hard to follow. It contains the following statement of claim (reproduced as in original): "My rights was violated by the 63 precint and FDNY was placed in harm and had a right violated when placed in someone where the [illegible] was not comfortable." (Compl., Dkt. 1, at 5.) Plaintiff requested the following relief (reproduced as in original): "800,000 punitive damage violation of rights pain and suffering lack of duty intentional inflection of mental distress." (*Id.* at 6.)

[1] The Court presumes that "FDNY" refers to the New York City Fire Department.

On August 17, 2026, Plaintiff submitted an Amended Complaint, also handwritten, that contains a bit more detail but is still hard to follow. (*See* Am. Compl., Dkt. 5.) Plaintiff states that she is bringing a claim under 42 U.S.C. § 1983 ("Section 1983") for violations of her rights under the Fourteenth Amendment and the Americans with Disabilities Act ("ADA").[2] (*Id.* at ECF 3.) She appears to claim that Defendants medically detained her under Kendra's Law, which is a New York State law that establishes a system of assisted outpatient treatment "pursuant to which psychiatric patients unlikely to survive safely in the community without supervision may avoid [involuntary] hospitalization by complying with court-ordered mental health treatment." *In re K.L.*, 774 N.Y.S.2d 472, 474 (2004); *see also* N.Y. Mental Hyg. Law § 9.60. Plaintiff claims that she told Defendants that she "did not feel safe going to the hospital" because the nurses there had been abusive to her, but Defendants "ignore[d] [her] concern" and transported her to the hospital anyway, claiming that it was for "[her] safety and their convenience." (*See* Am. Compl., Dkt. 5, at ECF 3–4.)

## LEGAL STANDARD

When a party seeks to proceed IFP, the Court must review their complaint and dismiss the action if it determines that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). An action is frivolous when either "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation modified). An action fails to state a

[2] Plaintiff refers to the "disability act," which the Court assumes is a reference to the ADA. (*See* Am. Compl., Dkt. 5, at ECF 3.) Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

claim if it fails to include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, so the Court reads a plaintiff's *pro se* complaint liberally and interprets it to raise the strongest arguments and claims that it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) ("This policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" (alteration in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983))). However, the liberal standard applied to *pro se* actions does not "excuse frivolous or vexatious filings by *pro se* litigants." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (2d Cir. 2005) (per curiam).

## DISCUSSION

### I. Defendants Are Not Suable Entities

Plaintiff's claims cannot proceed against either the 63rd Precinct Police Department or the FDNY, which are New York City agencies or a part thereof. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. This provision covers claims against the New York City Police Department and FDNY. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Dowtin v. 73rd Precinct Police Dep't*, No. 23-CV-2286 (LDH) (LB), 2025 WL 510044, at *2 (E.D.N.Y. Feb. 15, 2025) (noting that a

police precinct and the FDNY are not suable entities). Thus, even construing Plaintiff's allegations liberally, any claim against Defendants would be based on an "indisputably meritless legal theory" and must be dismissed as frivolous. *See Livingston*, 141 F.3d at 437; *accord* 28 U.S.C. § 1915(e)(2)(B)(i).

## II. Plaintiff Does Not State a Claim on Which Relief Can Be Granted

Even if Plaintiff had brought her claims against the City of New York, they would be subject to dismissal for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### A. Section 1983

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State[,] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. In order to hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional" or other federal right. *Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020).

Here, Plaintiff does not allege any facts suggesting that an official policy or custom of the City of New York caused a violation of any federally protected right as to her. Thus, Plaintiff's Section 1983 claim must also be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Americans With Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, . . . be subjected to discrimination by [a public entity]." 42 U.S.C.

§ 12132. Thus, in order to establish a violation of the ADA, a plaintiff must demonstrate that (1) she is a qualified individual with a disability; (2) the defendants are subject to the ADA; and (3) she was discriminated against by the defendants because of her disability. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

Here, Plaintiff does not provide facts suggesting that Defendants detained and transported her to the hospital because they were motivated by discrimination against people with disabilities. *See Anthony v. City of New York*, 339 F.3d 129, 141 (2d Cir. 2003) (noting that an involuntary seizure and hospitalization could violate Title II of the ADA, but only if the defendants were "motivated by . . . discrimination against individuals with disabilities"). To the contrary, she has suggested that Defendants detained her and transported her to the hospital for "their convenience" and "[her] safety." (*See* Am. Compl., Dkt. 5, at ECF 4–5.) Thus, Plaintiff's ADA claim must also be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

* * *

In light of Plaintiff's *pro se* status, the Court grants her leave to file a second amended complaint within thirty (30) days. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (explaining that if "a liberal reading of the complaint gives any indication that a valid claim might be stated," the Court must grant the *pro se* party the opportunity to amend their complaint before dismissal). Any amended complaint must:

(1) Be captioned "Second Amended Complaint" and bear the same docket number as this Order, No. 26-CV-4565 (PKC) (PK);

(2) Name a defendant that is capable of being sued, such as the City of New York; and

(3) Be legible, specific, and clear, and contain a short and plain statement of the facts that show that Plaintiff is entitled to relief, *see* Fed. R. Civ. P. 8(a)(1)–(3).

If Plaintiff elects to file a second amended complaint, the Court will again review it for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

## FILING INJUNCTION WARNING

District courts "have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations and internal quotation marks omitted). "A federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action pro se (that is, without counsel), without prior leave of that court." *White v. Uhler*, No. 9:14-CV-1400 (LEK) (ATB), 2017 WL 923345, at *4 (N.D.N.Y. Mar. 8, 2017) (collecting cases). The Court considers several factors in determining whether to impose such an injunction, including:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Iwachiw*, 396 F.3d at 528).

Here, Plaintiff has filed at least 28 lawsuits in federal court, 16 of which were filed in the past year. *See Gilot v. Mascardo*, No. 09-CV-7604 (LAP) (S.D.N.Y. filed Sep. 1, 2009); *Gilot v. Greyhound* (*Greyhound I*), No. 18-CV-3074 (WFK) (SJB) (E.D.N.Y. filed May 22, 2018); *Gilot v. Equivity* (*Equivity I*), No. 18-CV-3492 (WFK) (SJB) (E.D.N.Y. filed June 11, 2018); *Gilot v. President Nix Health*, No. 18-CV-5723 (CM) (S.D.N.Y. filed June 22, 2018); *Gilot v. Green Dot Bank*, No. 18-CV-6671 (LLS) (S.D.N.Y. filed July 24, 2018); *Gilot v. Equivity* (*Equivity II*),

No. 18-CV-7039 (LLS) (S.D.N.Y. filed Aug. 3, 2018); *Gilot v. Tru Corps LLC*, No. 18-CV-7914 (LLS) (S.D.N.Y. filed Aug. 29, 2018); *Gilot v. Act Blue*, No. 19-CV-11256 (CM) (S.D.N.Y. filed Dec. 5, 2019); *Gilot v. Johnson*, No. 21-CV-0093 (MW) (GRJ) (N.D. Fla. filed May 21, 2021); *Gilot v. Bradao*, No. 21-CV-4346 (WFK) (SJB) (E.D.N.Y. filed July 29, 2021); *Gilot v. UR Med. Strong Memorial Hosp.*, No. 6:23-CV-6078 (FPG) (W.D.N.Y. filed Jan. 30, 2023); *Gilot v. Outhouse*, No. 6:23-CV-6477 (FPG) (W.D.N.Y. filed Aug. 18, 2023); *Gilot v. Greyhound* (*Greyhound II*), No. 25-CV-6954 (PKC) (PK) (E.D.N.Y. filed Dec. 15, 2025); *Gilot v. St. Joseph Hosp.*, No. 25-CV-6953 (PKC) (PK) (E.D.N.Y. filed Dec. 15, 2025); *Gilot v. Self Fin. Inc.* (*Self Fin. I*), No. 25-CV-7050 (PKC) (PK) (E.D.N.Y. filed Dec. 19, 2025); *Gilot v. Ontario Sheriff*, No. 25-CV-6760 (PKC) (PK) (E.D.N.Y. filed Dec. 30, 2025); *Gilot v. Self Fin. Inc.* (*Self Fin. II*), No. 26-CV-0150 (PKC) (PK) (E.D.N.Y. filed Jan. 9, 2026); *Gilot v. Verizon*, No. 26-CV-0172 (DG) (PK) (E.D.N.Y. filed Jan. 13, 2026); *Gilot v. Aldi*, No. 26-CV-0171 (PKC) (PK) (E.D.N.Y. filed Jan. 13, 2026); *Gilot v. CVS*, No. 26-CV-0263 (PKC) (PK) (E.D.N.Y. filed Jan. 14, 2026); *Gilot v. Extra Space Storage*, No. 26-CV-0261 (PKC) (PK) (E.D.N.Y. filed Jan. 14, 2026); *Gilot v. Christ US Santa Rosa Hosp.*, No. 26-CV-0259 (PKC) (PK) (E.D.N.Y. filed Jan. 14, 2026); *Gilot v. Dep't of Soc. Servs.*, No. 26-CV-0260 (PKC) (PK) (E.D.N.Y. filed Jan. 14, 2026); *Gilot v. Cascade Cap. Funding LLC*, No. 26-CV-0458 (PKC) (PK) (E.D.N.Y. filed Jan. 27, 2026); *Gilot v. MRO*, No. 26-CV-0457 (PKC) (PK) (E.D.N.Y. filed Jan. 27, 2026); *Gilot v. 63 Police Dep't*, No. 26-CV-4565 (PKC) (PK) (E.D.N.Y. filed July 28, 2026); *Gilot v. Sixt Rent A Car LLC*, No. 26-CV-4717 (PKC) (PK) (E.D.N.Y. filed July 31, 2026); *Gilot v. Cashapp*, No. 26-CV-4169 (PKC) (PK) (E.D.N.Y. filed Aug. 3, 2026).

At least 21 of Gilot's cases have been dismissed as frivolous, for failure to state a claim, for failure to comply with court orders, or for lack of jurisdiction. *See* 30 Days Order,

*Mascardo*, No. 09-CV-7604 (LAP) (S.D.N.Y. Sep. 1, 2009); *Equivity I*, No. 18-CV-3492 (WFK) (SJB), 2018 WL 3653150 (E.D.N.Y. July 31, 2018); Order of Dismissal, *Equivity II*, No. 18-CV-7039 (LLS) (S.D.N.Y. Aug. 16, 2018); Order of Dismissal, *Tru Corps LLC*, No. 18-CV-7914 (LLS) (S.D.N.Y. Jan. 29, 2019); Order Adopting Report and Recommendations, *President Nix Health*, No. 5:18-CV-0666 (DAE) (W.D. Tex. Dec. 16, 2019); *Act Blue*, No. 19-CV-11256 (CM), 2020 WL 247960 (S.D.N.Y. Jan. 16, 2020); *Greyhound I*, No. 3:19-CV-1720 (EK) (DLH), 2020 WL 1976298 (N.D. Tex. Apr. 24, 2020); Memorandum & Order Dismissing Case as Frivolous, *Bradao*, No. 21-CV-4346 (WFK) (SJB) (E.D.N.Y. Aug. 27, 2021); Order Accepting and Adopting Report and Recommendation, *Johnson*, No. 21-CV-0093 (MW) (GRJ) (N.D. Fla. Oct. 12, 2021); *UR Med. Strong Memorial Hosp.*, No. 6:23-CV-6078 (FPG), 2023 WL 2480575 (W.D.N.Y. Mar. 13, 2023); Text Order, *Outhouse*, No. 6:23-CV-6477 (FPG) (W.D.N.Y. Aug. 21, 2023); *Aldi*, No. 26-CV-0171 (PKC) (PK), 2026 WL 221305 (E.D.N.Y. Jan. 28, 2026); Order, *Ontario Sheriff*, No. 6:26-CV-6051 (MAV) (W.D.N.Y. Mar. 2, 2026); Order, *Dep't of Soc. Servs.*, No. 6:26-CV-6135 (MAV) (W.D.N.Y. Mar. 2, 2026); *Extra Space Storage*, No. 26-CV-0226 (ADA), 2026 WL 794316 (W.D. Tex. Mar. 20, 2026); Order, *Verizon*, No. 26-CV-0172 (DG) (PK) (E.D.N.Y. Apr. 1, 2026); Order Adopting Report and Recommendations, *Christ US Santa Rosa Hosp.*, No. 26-CV-0197 (RP) (W.D. Tex. Apr. 6, 2026); *Cascade Cap. Funding LLC*, No. 26-CV-0308 (RP), 2026 WL 945721 (W.D. Tex. Apr. 7, 2026); Order Dismissing for Failure to Prosecute, *MRO*, No. 2:26-CV-0894 (E.D. Pa. Apr. 13, 2026); *CVS*, No. 5:26-CV-0473 (JKP), 2026 WL 1258466 (W.D. Tex. May 7, 2026).

In 2020, a court in the Southern District of New York warned Plaintiff that she might be barred from filing new IFP actions without prior permission if she persisted in filing cases that suffer from the same defects. *See Gilot v. Act Blue*, No. 19-CV-11256 (CM), 2020 WL 247960,

at *2 (S.D.N.Y. Jan. 16, 2020). Earlier this year, this Court issued a formal order to show cause "as to why the Court should not impose a filing injunction against her" to prevent her from continuing to file "repetitive, vexatious, and frivolous litigation." *See Gilot v. Aldi*, No. 26-CV-0171 (PKC) (PK), 2026 WL 221305 (E.D.N.Y. Jan. 28, 2026). The order was returned as undeliverable. *See* Mail Returned as Undeliverable, *Gilot v. Aldi*, No. 26-CV-0171 (PKC) (PK) (E.D.N.Y. Mar. 20, 2026), Dkt. 6. The Court therefore issues the same order again here.

**Within thirty (30) days, Plaintiff is ordered to show cause why the Court should not impose a filing injunction against her.** Should Plaintiff fail to adequately show cause, or should Plaintiff continue filing repetitive, vexatious, and frivolous litigation, the Court may impose an injunction prohibiting her from making future filings seeking IFP status without leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotations and citations omitted)).

## CONCLUSION

Plaintiff's request to proceed IFP is granted. The Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty (30) days to file a second amended complaint if she chooses. If Plaintiff does not file a second amended complaint (or request an extension of time) within the time allowed, the Court will dismiss the Amended Complaint without prejudice and direct the Clerk of Court to enter judgment and close the case.

Additionally, the Court orders Plaintiff to show cause, within thirty (30) days, why the Court should not impose a filing injunction against her.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore denies IFP status for the

purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Memorandum & Order to Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 31, 2026
Brooklyn, New York